IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER P. SNITCHFIELD, | No. CIV S-10-3243-LKK-CMK |
| Plaintiff, | |
| vs. | ORDER |
| RED BLUFF POLICE DEPT., et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks

jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges as follows:

1. I allege that police were keeping me under daily surveillance because they assumed that at a prior time (Sept. 2008) I ignored subpoena to appear at the arraignment and trial of a person who attempted to stab me in the dark in Red Bluff (July 2008). I was in Trinity County on a camping trip at the time the subpoena was issued and I did not receive it until after it had expired.
2. I allege that police in Red Bluff deliberately entrapped me in an intersection to make it appear that I committed a violation (April 28, 2009).
3. I allege that I was not allowed to enter a plea of not guilty by Tehama Superior Court because I did not pay a fine in advance of $380. Several months later the fine was increased to $648 and my license to drive was finally suspended on June 3, 2009, by DMV and continues to be suspended after a year and a half. I am now enduring much hardship due to inability to drive my car because of an illegal citation. I had a perfect driving record of 21 years before I was cited on the very same day that I returned to Red Bluff after an absence of three weeks.

Plaintiff names as defendants the Red Bluff Police Department and the Tehama County Superior Court. Plaintiff seeks money damages as well as an order "for Tehama Court and/or the California Department of motor Vehicles to restore my Driver License without penalty, as soon as possible."

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## II. DISCUSSION

Plaintiff's complaint suffers from the following defects, which will be discussed in more detail below: (1) the complaint does not name any of the individuals alleged to have violated his rights with respect to plaintiff's subpoena and entrapment claims; (2) plaintiff has not alleged sufficient facts to establish municipal liability on the part of defendant Red Bluff Police Department; (3) this court lacks jurisdiction and must abstain from entertaining plaintiff's claim regarding imposition of a traffic fine and suspension of his drivers license; and (4) this court lacks jurisdiction to enter an order (i.e., writ of mandamus) directing state officials to act as plaintiff requests.

### A.     Failure to Name Individuals

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of individuals and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  In this case, to the extent plaintiff alleges liability of unnamed "police," plaintiff's claim is inadequate because he does not actually name any individual officers who are alleged to have violated his rights.   Plaintiff will be provided an opportunity to file an amended complaint to name individual defendants and state how each such defendant caused or contributed to a constitutional violation.

/ / /

### B. Municipal Liability

Plaintiff names the Red Bluff Police Department as a defendant to this action. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). In this case, plaintiff's complaint is devoid of any of the necessary allegations to establish municipal liability. Plaintiff will be provided an opportunity to amend.

### C. Abstention

Here, plaintiff challenges a state court conviction for a traffic violation. Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). An exception, inapplicable here, would be where Congress expressly grants federal courts

jurisdiction to review state court judgment (such as habeas corpus, for example).[1] The court finds that this defect is not curable. Plaintiff may not proceed on any claims relating to the traffic violation.

### D. Mandamus

Plaintiff seeks an order from this court directing state officials to restore his driver's license without penalty. In essence, plaintiff seeks a writ of mandamus. Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . ." In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the <u>United States or any agency thereof</u> to perform a duty. . ." 28 U.S.C. § 1361 (emphasis added). It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See e.g. <u>Demos v. U.S. Dist. Court for Eastern Dist. of Wash.</u>, 925 F.2d 1160 (9th Cir. 1991). Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act. See <u>Finley v. Chandler</u>, 377 F.2d 548 (9th Cir. 1967). This defect is not curable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] To the extent plaintiff would have this court treat the action as a federal habeas petition attacking the state court traffic conviction, the court cannot oblige. If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See <u>Blueford v. Prunty</u>, 108 F.3d 251, 255 (9th Cir. 1997).

### III.  CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

/ / /

1  Finally, plaintiff is warned that failure to file an amended complaint within the
2  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
3  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
4  with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
5  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

      Accordingly, IT IS HEREBY ORDERED that:

      1.    Plaintiff's complaint is dismissed with leave to amend; and

      2.    Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: December 13, 2010

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE