IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER P. SNITCHFIELD, | No. CIV S-10-3243-LKK-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| RED BLUFF POLICE DEPT., et al., | |
| Defendants. | |
| _____ / | |

    Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's amended complaint (Doc. 5). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks

1  jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted

2  leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

3  Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-

4  matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Scott Capilla, John Rossi, and Martin Perrone. Plaintiff alleges:

> 1. I allege that numerous police officers under orders of Mr. Scott Capilla were keeping me under daily surveillance in Red Bluff Riverside Park from September 2006 until the time of the traffic citation (April 28, 2008) because it was assumed that [at] a prior time (August 2006) I ignored a subpoena issued by the Tehama DA Office to appear at the arraignment and trial of a person who attempted to stab me in the dark in Red Bluff (July 2006). I was in Trinity County at the time the subpoena was issued and I did not receive it until after it had expired.
>
> 2. I allege that Officer John Rossi and two other unidentified individuals deliberately entrapped me in an intersection to make it appear that I had committed a violation (April 28, 2008). I had a perfect driving record of more than twenty years before I was cited in the evening of the very same day that I returned to Red Bluff after an absence of three weeks. . . . On February 6, 2009, the Tehama Court notified me that the fine had been increased from $380 to $648 and my license to drive was suspended one year after the citation on June 3, 2009, by the DMV and continues to be suspended from that date until the present time. I am enduring much hardship due to inability to drive because of an illegal citation.

Plaintiff adds:

> The entrapment occurred as follows: Shortly before I left Red Bluff Riverside Park in the evening of April 28, 2008, there was an unmarked police car which passed near my car to verify my presence and notify (by radio) two police vehicles (one unmarked) that I would soon be passing through the intersection where I would be cited. As soon as I entered the intersection on a green light an unmarked police car entered from the opposite side and violated my right of way by turning left directly in front of me in order to block me from getting any further into the intersection and to make it appear that I had entered on a red light.
> There was a yellow light for three seconds after this happened and I proceeded to the center of the intersection before the light turned red. At about this time Officer Rossi, who was waiting around the corner and out of sight at the next intersection a block away, upon a signal from the driver

who blocked my right of way, suddenly appeared and followed me out of the intersection, where I was cited. There was no marked police vehicle in sight when I entered the intersection. . . .
      I believe that Mr. Capilla and other police officers were annoyed by my continued presence of several years in Red Bluff as a homeless person who slept in a vehicle, although I was never accused by anyone of doing anything illegal until the day of the citation. Mr. Capilla is no longer Chief of Police in Red Bluff.
      Mr. Martin Perrone, who claimed to be an investigator for the Tehama DA Office, approached me one day in August 2007 while I was in Riverside Park in my car and told me that he was conducting a "sweep" of the park (all by himself?) and he questioned me implying that I had been drinking (alcohol) and after I denied this he realized when he saw a large bag of recyclable aluminum cans in my car that I was not drinking at all and left me alone. There were no other police in evidence at the time of the sweep and I did not see Mr. Perrone approach anyone else. I often wonder if Mr. Perrone may have been the scheduled prosecutor at the trial mentioned above, and was only attempting to find out why I was still in Red Bluff. There appears to be a close connection between Mr. Capilla, Mr. Rossi, and Mr. Perrone.

## II.  DISCUSSION

The underlying theme in plaintiff's complaint is that he did not, in fact, commit any traffic violation on the day in question. Plaintiff asserts that the defendants are liable for their conduct because he had done nothing wrong. Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). An exception, inapplicable here, would be where Congress expressly grants federal courts jurisdiction to review state court judgment (such as habeas corpus, for example).

In this case, plaintiff claims that he did not commit any traffic violation and, for this reason, defendants' conduct violated his rights. It is clear from the complaint that plaintiff

was found guilty of the traffic violation and a that a fine was imposed. Specifically, plaintiff refers to an increased fine and continued suspension of his driver's license. In order to rule in plaintiff's favor, the court would have to agree with plaintiff that he, in fact, did nothing wrong as any basis for defendants' liability. Because, except in limited circumstances inapplicable here, this court cannot consider claims challenging earlier adverse state court decisions where the claims would invite the court to reject such decisions, this action should be dismissed.

### III.  CONCLUSION

Because the deficiency identified herein cannot be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 22, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE