1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9         **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   ROGER P. SNITCHFIELD,               No. CIV S-10-3243-LKK-CMK
12              Plaintiff,
13        vs.                            <u>ORDER</u>
14   RED BLUFF POLICE DEPT., et al.,
15              Defendants.
16   _____/

17        Plaintiff, who is proceeding pro se, brings this 42 U.S.C. § 1983 civil action.  Since
18   Plaintiff has been granted leave to proceed in forma pauperis, the court screens the complaint
19   pursuant to 28 U.S.C. § 1915(e)(2).  If, upon screening, the court determines that the action is
20   frivolous or malicious, or fails to state a claim on which relief may be granted, it  shall dismiss
21   the case.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).
22        On April 22, 2011, the Magistrate Judge filed Findings and Recommendations herein
23   recommending dismissal without leave to amend. The order, which was served on all parties,
24   contained notice that any objections to the Finding and Recommendations were to be filed within
25   fourteen days.  Plaintiff has filed such objections..
26        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f),

1

this court has conducted a de novo review of this case.    By virtue thereof this court declines to

adopt the recommendation of the Magistrate Judge, but rather will return the matter to that judge

for further consideration.

## I. Factual Background[1]

This action asserts two claims.  First, Plaintiff alleges a traffic violation which he claims

was caused by entrapment.[2]   The second claim involves his being questioned by an investigator

for the District Attorney's office.[3]

Plaintiff names as  defendants two police officers in Red Bluff and an investigator for the

District Attorney office.  Plaintiff alleges that, under the orders of Defendant Officer Scott

Capilla, numerous police officers kept Plaintiff under daily surveillance in Red Bluff Riverside

Park from September 2006 until April 28, 2008.  Plaintiff asserts two motives for entrapment.

First, Plaintiff claims the entrapment was an act of retaliation for an unrelated event in which

Plaintiff failed to appear in court after being issued a subpoena.  Second, Plaintiff believes the

Defendants were "annoyed by [his] continued presence of several years in Red Bluff as a

homeless person who slept in a vehicle."  Plaintiff alleges as follows:

> Shortly before I left Red Bluff Riverside Park in the evening of April 28, 2008, there was an unmarked police car which passed near my car to verify my presence and notify (by radio) two police vehicles (one unmarked) that I would soon be passing through the intersection where I would be cited. As soon as I entered the intersection on a green light an unmarked police car entered from the opposite side and violated my right of way by turning left directly in front of me in order to block me from getting any further into the intersection and to make it appear that I had entered on a red light.

---

[1] The factual assertions summarized below are taken from the allegations of the First Amended Complaint ("FAC").  Pl's Compl., ECF No. 5.

[2] "[I]n order to respect the congressional goal of 'assur[ing] equality of consideration for all litigants,' . . . this initial assessment of the in forma pauperis plaintiff's factual allegations must be weighted in favor of the plaintiff." Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 104 L.Ed. 2d 443 (1992) (citing Coppedge v. United States, 369 U.S. 438, 447, 82 S.Ct. 917, 922, 8 L.Ed. 2d 21 (1962)). Furthermore, "[a]n in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." Id. at 33.

[3] This court treats the two claims as separate causes of action; it may be, however, that plaintiff is alleging a series of events related to each other and constituting a § 1983 claim.

> There was a yellow light for three seconds after this happened and I proceeded to the center of the intersection before the light turned red. At about this time [Defendant] Officer Rossi, who was waiting around the corner and out of sight at the next intersection a block away, suddenly appeared and followed me out of the intersection, where I was cited. There was no marked police vehicle in sight when I entered the intersection.

Plaintiff claims to have had "a perfect driving record of more than twenty years" before being cited on April 28, 2008.

As to the second cause of action, Plaintiff claims that, in August 2007, Defendant Investigator Martin Perrone questioned Plaintiff while Plaintiff was in his car in Riverside Park. Defendant Perrone claimed to be conducting a "sweep" of the park and questioned whether Plaintiff had been consuming alcohol.  Defendant Perrone eventually "left [Plaintiff] alone."  As to the first cause of action the Magistrate Judge recommended dismissal without leave to amend. The Magistrate Judge failed to address the second claim.

## II. Analysis

### A. The Traffic Stop

The Magistrate Judge held that plaintiff could not pursue his ticket claim because the defendant had been found guilty of the traffic violation and, thereforr,  the claim was barred by virtue of the <u>Rooker-Feldman</u> doctrine.  <u>See</u> Findings & Recommendations, ECF No. 8, at 3-4. Plaintiff, however, in response filled a copy of an illegible document he claims is a  court minute showing that he was not convicted of the traffic violation, but of failing to appear in response to the ticket. This court has no idea what plaintiff was convicted of, and accordingly, will return the matter for consideration of the claim.[4]

### B. The Questioning Incident.

As to the questioning incident, the plaintiff cannot prevail on it as a separate claim, because standing alone, there appears to be no violation of his constitutional rights. Nonetheless,

---

[4] There also appears to be a problem with whether plaintiff has named the correct parties. Clearly, however, that problem, if there is one, may be solved by an amended pleading.

it is possible that the plaintiff may amend to allege an unconstitutional course of conduct.

According to Plaintiff, Defendant Investigator Martin Perrone approached Plaintiff in Riverside Park and "questioned [him] implying that [he] had been drinking (alcohol)." Pl's Compl. 3, ECF No. 5.  It is established, however, that "police questioning, by itself, is unlikely to result in a Fourth Amendment violation." I.N.S. v. Delgado, 466 U.S. 210, 216, 104 S.Ct. 1758, 80 L.Ed. 2d 247 (1984).  "The purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but 'to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals.'" United States v. Mendenhall, 446 U.S. 544, 553-54 (1980)  (citing United States v. Martinez-Fuerte, 428 U.S. 543, 554, 96 S.Ct. 3074, 3081, 49 L.Ed.2d 1116 (1976)).  It appears from the complaint that Defendant Perrone's questions, when viewed in isolation, did not rise to the level of an "arbitrary and oppressive interference."  Cf. Florida v. Royer, 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed. 2d 229 (1983) (noting that "law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [or] by putting questions to him if the person is willing to listen.").  Recognizing the plaintiff is in pro per, however, the analysis cannot end there.  It may be that plaintiff is alleging that the questioning was a part of a unconstitutional policy of harassment that he claims also gave rise to the traffic incident. If so, careful thought must be given to whether the totality of circumstances gives rise to a cognizable  § 1983 claim has been alleged.

### III. Conclusion

For the reasons provided above, the court declines to adopt the Magistrate Judge's recommendations and returns the matter to him for further consideration.

IT IS SO ORDERED.

DATED: July 5, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4